June Term,
1862.

OATMAN
v.
GOODRICH et al.

---

## OATMAN vs. GOODRICH and others.

Under section 15, chapter 122, R. S. of 1858, the husband must be joined as a defendant with his wife, although the action concerns her separate property alone.

APPEAL from the Circuit Court for *Rock* County.
The case is stated by the court.
*Bennett, Cassoday & Gibbs*, for appellants.
*Conger & Hawes*, for respondent.

*By the Court*, DIXON, C. J. Appeal from an order overruling a demurrer to the complaint in an action to foreclose a mortgage. The defendant *Caroline Z. Greenman* is a married woman, and the objection is that the husband, *Charles Greenman*, is not a party. This is the only point urged upon the demurrer, and arises out of the following facts stated in the complaint. The mortgage was executed by Elijah Goodrich, since deceased, and the defendant *Polly*, his wife, now widow, in the year 1850. Elijah died in 1853, having

October 11.

made a will by which he devised the mortgaged premises to the defendants *Polly* and *Caroline Z.*, his wife and daughter, the latter then unmarried. The will was duly proven, the devise accepted, and subsequently the defendant *Caroline Z.* intermarried. No judgment over for a deficiency is demanded, but a sale only, and judgment barring the rights and equities of the defendants *Polly* and *Caroline Z.*, and the others, subsequent incumbrancers.

In support of the demurrer three positions are principally taken in argument: 1st. That the husband, though he have no interest in the subject of this action, is a necessary party, because he is the lawful protector of his wife's interests. This is put upon what is claimed to have been a rule of the common law, which it is said remains unchanged by the statute removing the disabilities of coverture and enabling married women to hold and dispose of their separate estates. 2d. That the husband is directly interested by reason of the rights which may accrue to him as tenant by the courtesy. 3d. That the statute, sec. 15, chap. 122, R. S., requires him to be joined.

Upon the two first points, and without the statutory provision, we are clearly against the defendants. The foundation of the common law rule requiring the husband to be joined in actions which concern the estate of the wife, was very obvious. They were one person in the law, " and the husband was the one." From this unity of person came the unity of interest, which the husband invariably represented. If the wife was seized of an estate of inheritance in land, the husband became seized of the freehold *jure uxoris*, and took the rents and profits during their joint lives. If there was a child of the marriage born alive, for this the husband took an estate absolutely for life as tenant by the courtesy. 2 Kent's Com., 130. If the wife had an estate for her life or for the life of another person, the husband became seized in her right and was entitled to the profits during marriage. Her chattels real were his to dispose of by any act in his life time; and her choses in action vested absolutely in him on being reduced to possession. Idem, 134, 135. There was, therefore, no mystery in the rule requiring the husband to

be a party to all actions at law involving the estate or property of the wife. It was in reality his estate that he was required to protect. He acted in his own rather than in her behalf. Separate estates at law were wholly unknown. They were upheld only in equity. Equity, for many purposes, treated the husband and wife as distinct persons, capable in a limited sense of contracting with each other, of suing each other and of having separate debts and interests. The wife might in a court of equity sue her husband, and be sued by him. And in cases which respected her separate estate, she might also be sued without him; although he was ordinarily required to be joined, *for the sake of conformity to the rule of law, as a -nominal party*, whenever he was within the jurisdiction of the court and could be made a party. 2 Story's Eq. Jur., § 1368. But with us, the legal relations between husband and wife have been entirely changed by statute. The wife now enjoys the same rights and privileges at law, with respect to her separate property, that was formerly accorded to her in equity. Her equitable estate has been transformed into a perfect legal one. The real and personal property owned by her at the time of marriage, and any which she may receive after marriage by inheritance, gift, grant, devise or bequest, from any person other than her husband, and the rents, issues and profits of the same, are not subject to the disposal of her husband, nor liable for his debts, but are held to her sole and separate use, and may be conveyed and devised by her in the same manner and with like effect as if she were unmarried. R. S., chap. 95, secs. 1, 2, 3. She may enter into contracts binding at law, and for a breach legal remedies will be applied as in other cases. Personal judgments may be rendered against her, and her property taken to satisfy them. *Conway v. Smith*, 13 Wis., 125. It would seem to follow as a necessary consequence of these changes, that to legal actions given for the violation of legal obligations, the husband could not and' ought not to be a party, unless he is also a party to the contract. If he is not, the law cannot hold him responsible in damages for a breach of it. Receiving no benefit from the estate of the wife, and having no control over her acts relating to it, it

would be the grossest injustice to charge him upon her con-tracts. It would be equally wrong to subject him to the costs of the action; and as these are the only useful objects to be obtained by joining him, it would appear on principle that he should not be a party, and accordingly the analogy to the law which constituted the foundation of the former rule in equity would be wholly wanting. There would be no legal rule in conformity to which the husband must be joined as a nominal defendant. The case could not have been stronger for the defendants than if, after marriage, *Mrs. Greenman* had herself mortgaged the premises to secure a debt for which she was personally liable at law. In that case, in an action at law for the debt, her husband need not have been joined. Equity, following the legal rule, would likewise have dispensed with his presence in the proceeding to foreclose.

If there be anything in the idea that the husband was formerly joined in order to protect the wife's interests, which seems wholly unsustained, it is effectually removed by the statute. If he has no interest in or dominion over her prop-erty, it is difficult to perceive how or why he should control her litigation in respect to it. If his advice and comforting assurances are wanted, they can be afforded as well without as with his being a suitor before the court. Indeed, with husbands of a *genus irritabile*, exemption from suit may be supposed greatly to increase the advantages to be derived by the wife from that source. At all events, one would think it more in harmony with the liberal spirit of the law, and less likely to excite domestic strife, if the wife were al-lowed to conduct her litigation in her own way, without in-terference on the part of the husband, except where she con-descendingly asked his opinion; in which case he could give it without being yoked up with her in the controversy.

As to the possible interest of the husband as tenant by the courtesy—that too is gone by the statute, save as to lands of which the wife dies actually seized. *Smith vs. Kingsley*, 14 Wis., 360. During her life the husband has no present interest, and she has that absolute power of disposition which pertains to a *feme sole*. She may mortgage or convey un-

June Term, 1862.

Oatman
v.
Goodrich et al.

conditionally, without his signature or assent. If mortgagor, she may release the equity of redemption, or suffer a judgment by which it may be barred or sold; and her title passing, his contingent interest goes with it. His interest depends upon and is commensurate only with the estate of the wife, and necessarily ceases with the determination of that estate by any act or conveyance of her's which would pass the title if she were unmarried. Defendant's counsel say that a husband's right as tenant by the courtesy, is like that of a wife in dower. There is this manifest difference. Dower attaches to all the lands of which the husband was seized either in deed or law at any time during coverture, and no conveyance by him without the wife will bar the right. It is an inchoate interest which cannot be divested by a suit to which she is not a party. *Wilkinson vs. Parish*, 3 Paige, 653; *Mills vs. Van Voorhies*, 20 N. Y., 412. But tenancy by courtesy is, by the statute, subjected entirely to the will of the wife. If she conveys or devises the land, all possibility of tenancy is gone. Hence, without a statute requiring it, the husband need not have been joined in an action by which her title was to be affected.

This brings us to the third and last position of the counsel, in which we think they must be sustained. The statute referred to reads as follows: "When a married woman is a party, her husband must be joined, except that—1. When the action concerns her separate property, she may sue alone. 2. When the action is between herself and her husband, she may sue or be sued alone." This language is plain and unambiguous, and the case not within the exceptions. The husband must therefore be joined, even though he can take no part after he is brought in except to admit or deny that he is the husband of *Mrs. Greenman*. It is idle in such cases to look to the reason of the law, or to some other statute founded upon more rational principles, for an excuse to evade the act in question. The legislature, not infringing the constitution, have the power arbitrarily to say what the remedy shall be in such cases, and to prescribe its form. Having declared that the husband must be joined, the court cannot say that he need not, simply because such a proceed-

ure is without sense. Subjected to such a test, it might be difficult to foretell how much of our legislation would stand.

*Mrs. Greenman*, as the owner of the equity of redemption, or a part of it, is a necessary party to the action. Story's Eq. Pl., § 195. All the defendants, therefore, have the right to insist on the husband being joined in order that she may be properly before the court, and for that purpose they may demur.

The authorities cited by the respondent's counsel (8 How. Pr. R., 395, and 29 Barb., 517) were both suits *by* the wife concerning her separate estate, and not *against* her, and are consequently inapplicable. Besides, the statute under which the last case arose, as given by the court, is quite different from ours.

Order reversed, and cause remanded for further proceedings according to law.