SARAH A. BRUMMET, Respondent, v. JAMES WEAVER, Appellant.

*Appeal form Douglas County.*

1. A registration of a married woman's property showed the same to have been acquired by purchase—reason for admission in evidence. What objection would exclude it.

2. A married woman may sell or exchange her separate property, and retain the purchase money, or the property received in exchange, as her own separate property.

3. It is error to refuse the instruction " that the registration of a married woman's separate property is not notice to a stranger, of any property not mentioned in the registration."

4. The instruction " that a married woman may sell or exchange registered property, and hold the consideration received as separate property, *under her former registration*," is error.

5. The instruction " that it makes no difference that the woman married subsequent to her registration, that she might have been married half a dozen times, the one registration is sufficient," is error.

6. Constitution of Oregon repeals the Common Law as to married woman's property.

7. Rights under the Constitution of a married woman as respects her separate property.

THE respondent, a married woman, brought suit before a justice of the peace of Douglas county to recover possession of three horses of which, she alleged, she was the owner in her own right, and which she had registered as her separate property. The case was appealed to the Circuit Court, where answer was filed denying her title. The issues were tried by

Brummet *v.* Weaver.

a jury in the Circuit Court, and verdict and judgment had for respondent, and Weaver appealed to this court.

*Assignment of errors.*—That the court erred :

1st. In admitting in evidence a record of the registration of plaintiff's separate property, which showed that the property was acquired by purchase, and not by gift, devise or inheritance.

2d. In refusing to instruct the jury " that the registration of a married woman's separate property, is not notice to a stranger of any property not mentioned in said registration."

3d. In instructing the jury " that a married woman may sell and dispose of her separate registered property, and invest the proceeds in other property, which would still be covered by the registration."

4th. In instructing the jury " that the registration made previous to the second marriage, uncanceled, is sufficient to hold her separate property."

*W. R. Willis, Esq.,* for appellant, claims :

1st. That a married woman cannot hold as her separate property, other than such as is acquired by gift, devise or inheritance. (*Code of Oregon, page* 786 ; 7 *How. Prac. R.,* 105 ; 10 *Ib.,* 109.)

2d. That a registration of a married woman's separate property is not notice of her intention to hold separate any property not described in said registration. (*Code, pages* 786, 787 ; *sections* 1, 2 *and* 4.)

3d. That a married woman cannot trade in her registered property, and hold the property thus acquired under the one registration. (*Code, pages* 786, 787 ; 7 *How. Prac. R.,* 105 ; 10 *How. Prac. R.,* 109.)

4th. When a constitution gives a general power, it gives by implication every power necessary for the exercise of it ; if the means for exercising the power be also granted, no other or different means can be implied. (1 *Kent's Com.,* 465, *note b.*)

5th. A declaration made prior to marriage is not sufficient to protect the rights of a married woman to hold separate property under statutes. (1 *Pars. on Cont.*, 283, 286, *note* 10 ; 2 *Kent's Com.*, 130.)

6th. A married woman may exercise, under this statute, such rights and privileges as are expressly given, and none other. (1 *Kent's Com.*, 464.)

*Mosher & Kelsay* for respondent, claim :

1st. An examination of the deed of registration in this case will show that the plaintiff originally acquired the property by gift from the United States government as a land claim, although, at the time of registration she had exchanged the land for the personal property described therein.

It is admitted that the property belonged to the plaintiff at the time of the marriage proven by defendant. Under the provision of the Constitution, then, such property is exempt from the husband's contracts, no matter how acquired, or whether registered or not. (17 *How. Pr. R.*, 413, 414, 415, *and* 417.)

2d. The respondent, and not her husband, had the right to change the shape or character of her separate property, or dispose of it.

3d. The respondent while a married woman filed a registration which has never been revoked. The fifth section of act of 1859 provides for the solemn revocation of such registration. No such revocation has been made. A valid declaration was on record, and there was no necessity for a second recording thereof.

SHATTUCK, C. J. It is assigned, as one of the errors, that the Circuit Court allowed a record of registration of Mrs. Brummet's property to be read in evidence after appellant had objected to the same, on the ground that said record showed that the property therein mentioned was acquired by purchase, and not by gift, devise, or inheritance. We think

this objection to the admissibility of the paper is not well taken; for, if the whole paper be examined with reference to this objection, it will appear upon its face, that the property therein described as separate property was received by Mrs. Brummet in exchange for her land claim, which she had acquired from the government under the donation law of September 27th, 1850. The *Constitution of this State, article* 15, *section* 5, provides that the " property and pecuniary rights of every married woman at the time of marriage, or afterwards acquired by gift, devise, or inheritance, shall not be subject to the debts or contracts of her husband;" and the statute of 1859 has made provision for the registration of the separate property of married women " acquired by gift, devise, or inheritance." We think that these provisions of law must be so construed as to allow a married woman not only to hold property as separate property, without the intervention of a trustee, but also to exchange one species of her separate property for another; and to authorize her to sell any part of her separate property and retain the purchase money as her own; or with it to buy other property to be held by her in the same manner and for the same purpose. In this case, had the objection been that this paper was not competent to show how *she acquired* the property, it would have been well taken; for clearly, by the statute authorizing the registration, neither the record nor the original declaration could be used for any such purpose. (*Gen. Laws, page* 787, *section* 4.) For it is expressly provided that " such declarations shall not be evidence of any fact, except that such married woman has elected to hold the property or pecuniary rights described in such declaration as her separate property." The issue in this case is as to the rightfulness of Mrs. Brummet's claim to the property in dispute as her separate property; and it is pertinent to this issue to show as a fact, that, prior to the commencement of this controversy, she had publicly claimed this property as in her own right. The statute expressly provides that such

claim, or the fact that such claim is made, may be shown by the record of registration. For the purpose, then, of showing the relation in which the respondent had placed herself to the property, we think the paper was properly admitted and read to the jury. There appears, by the bill of exceptions, to have been some evidence adduced upon the trial tending to show that in 1861, when the respondent made and recorded this paper, she was the wife of Banner Brummet; that she, after that date was divorced, and in 1864 re-married to him; that during the time between the divorce and the re-marriage she held the property, which during the marriage she had registered as separate property; one of the animals having been exchanged for one of those in dispute in this case; that at the time of the re-marriage, she had this property and still claimed it in her own right, but that no new registration of it was made after the second marriage. Upon submitting the case to the jury the court below was asked, by the appellant, to instruct the jury " that the registration of a married woman's separate property is not notice to a stranger of any property not mentioned in said registration," which the court refused, and appellant excepted; and this refusal is assigned as error. We think this instruction should have been given, for the statute has declared in express terms, that such record " shall not be evidence of any fact except that such married woman has elected to hold the property, or pecuniary rights, *described in such declaration,*" etc. (*Code, page* 787, *section* 4.) As to the horse claimed in this suit, which was not mentioned in the reco ded declaration, this record could not of itself, in any event, be considered as notice to a stranger, for it is *not described in it.* The court below instructed the jury, that the plaintiff, being a married woman, and having separate property, and regis- tered as such, as provided by statute, may sell and dispose of such property, and receive the proceeds thereof, and invest them in other property, and hold the property thus acquired *under said registration,* independent of the debts and con-

tracts of her husband. To this instruction the appellant excepted, and assigns the giving of the same as error. The common law, which divested a woman on her marriage of her personal estate, and of control over her realty, and subjected her property to the debts and contracts of her husband, was not repealed by the statute of 1859; and a married woman acquires no rights in contravention of the common law by virtue of that statute. That repeal of the common law was effected. The great change in the relations of husband and wife to the property of the wife was wrought by the Constitution of this State. (*Article* 15, *section* 5.) Under that instrument no woman loses any pecuniary rights by marriage. Whatever property a woman has at the time of marriage, or afterwards acquired by gift, devise, or inheritance, remains hers, until she, by her own consent, express or implied, parts with it. Without that consent she cannot be divested of her title to it, whether registered or not. No one having notice of her claim can acquire any title to her property by any contract of her husband to which she does not expressly or by implication assent. If she has duly registered her property, the registry is notice to the world, as to all property described in it. If she has not registered it, we think actual or constructive notice, as recognized in cases of deeds and mortgages of land, would be sufficient to bind the party attempting to deal with the husband concerning her property. It seems that the registry act above quoted (*Gen. Laws, page* 786) has made no provision concerning property owned by the wife at the time of the marriage; but her title to such property after marriage is no less indefeasible. Whether, however, a purchaser of such property from the husband, acquires any title, or whether the wife has a right to repudiate a sale by the husband and recover the property, will depend, in every such case, upon the conduct of the wife in regard to the management of the property; or, in other words, it will depend very much upon how far the wife will be deemed, by recognizing and acquiescing in

the acts of the husband in regard to the property, to have waived or abandoned *her* rights under the Constitution, and to have submitted to and affirmed *his* rights at common law. When a registry law has been enacted, the wife must comply strictly with its provisions in order to bind innocent parties; and the registration will have no effect as to strangers without notice, beyond what the statute has given to it. In other words, it will not affect any property except the specific property described in it. Entertaining these views relative to the effect of the constitutional provisions, and of the statute of 1859, we are of opinion that the instruction given by the court below to the jury was erroneous; and though there might possibly have been a verdict for the plaintiff, without regard to this instruction, yet it is quite probable that the jury did regard it, and by it were mislead and perhaps induced to give less attention to the other evidence than the merits of the case demanded. Another instruction, to which exception was taken and for which error was assigned, was to the effect " that it makes no difference that the woman married subsequent to this registration, she might have been married a half a dozen times, the one registration is sufficient." If the construction of the statute which we have adopted and announced above, be correct, this instruction should not have been given. We are of the opinion that a divorce, or the death of the husband, operates as a revocation of the registration. Upon the happening of either of these events, the rights of the woman to the property ceases to be controlled by or dependent upon the registration. She holds the property of an unmarried woman, which she is in fact. If she marries a second time she must register the property anew; or if, having registered it after marriage, she exchanges any part of it for other property, she must register the property last acquired, if she would secure the advantages contemplated by the statute.

Upon these grounds we think the judgment below should be reversed, and a new trial ordered.