ALLEN, Respondent, vs. McRAE and husband, Appellants.

*October 1 — October 22, 1895.*

*Estates of decedents: Payment of debts: Lands paid for by decedent but conveyed to another: Creditors' action: Pleading: Parties: Husband and wife.*

1. An action may be maintained under sec. 3835, R. S., to reach and subject to the payment of the debts of a deceased person lands which he had purchased and paid for but had caused to be conveyed to another, and in respect to which a trust resulted, under sec. 2078, in favor of his creditors then existing.

2. A complaint in such an action, alleging that the estate of the deceased is insolvent; that an execution on a certain judgment against him was returned unsatisfied; that no funds belonging to his estate have come into the hands of his administrator; and that there is no property out of which the plaintiff can collect her claim,— shows that there is just reason to apprehend an insufficiency of assets; and an action may therefore, under sec. 3835, R. S., be maintained by one creditor whose claim has been allowed and in whose favor the said trust resulted, in behalf of all such creditors, whether they be few or many.

3. It is not necessary that the creditor bringing such action shall have exhausted his remedy at law by judgment and execution, nor that the county court shall have authorized or directed the action to be brought.

4. In such action, if the person to whom the lands were conveyed is, a married woman, her husband may, under sec. 2608, R. S., be joined as a defendant with her or not, at the option of the plaintiff.

5. Allegations in a complaint that the person who paid the entire consideration for the purchase of lands caused them to be conveyed to another by warranty deed, and that the latter became invested with the legal title thereto, sufficiently show that the deed to the latter had been delivered.

APPEAL from an order of the circuit court for Chippewa county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

This action was brought under sec. 3835, R. S., to reach and subject to sale certain real estate described in the complaint, to the payment of the plaintiff and others, creditors of Hiram S. Allen, deceased; and it is alleged in substance that, being wholly insolvent and indebted to the plaintiff and others, the said H. S. Allen, on June 5, 1883, purchased from certain parties therein named certain real estate specified in Chippewa county, and paid and advanced the entire consideration and purchase money for said premises, but caused the title thereto to be conveyed to the defendant *Alice G. McRae,* by good and sufficient warranty deed in the usual form, by said vendors, instead of to himself, whereby she became vested with the legal title thereto; that the said transfer to the said defendant *Alice G. McRae* was made and intended to be in secret parol trust for the use and benefit of said H. S. Allen, and for the sole purpose and with intent to injure, hinder, delay, and defraud the creditors of the said H. S. Allen, and so that the same should not be subjected to the payment of his debts. It is alleged that the defendant *Hector C. McRae* was and is the husband of the defendant *Alice G. McRae,* and acted as her agent in all her dealings with the said H. S. Allen. The amount of the indebtedness of said H. S. Allen to the plaintiff at the time of said transaction was $3,650, and he was then indebted to divers other persons, and continued, up to the time,

of his death, March 6, 1886, to be wholly insolvent. The plaintiff had filed her claim, as provided by statute, against his estate, which, after trial, had been allowed and established at the sum of $4,200, and Robert K. Boyd had been appointed, and was still, the administrator of the estate of the said H. S. Allen, deceased, but no funds belonging to said estate had come into his hands, and there was no property out of which plaintiff could collect her claim. It further appeared that on March 22, 1893, an execution issued out of the circuit court of Chippewa county, on a judgment in an action in which James M. Smith was plaintiff and said H. S. Allen and C. C. Lord were defendants, and that on the 3d of May, 1893, said execution was returned wholly unsatisfied, showing the estate of the said H. S. Allen to be wholly insolvent. The plaintiff alleged that she brought this action in behalf of herself and all the creditors of H. S. Allen whose claims existed at the time of said transfer of the above-described real estate to defendant *Alice G. McRae,* namely, June 5, 1883; and she prayed that the defendant *Alice G. McRae* be adjudged a trustee of the said lands and real estate for the benefit of the plaintiff and other creditors of the said H. S. Allen existing at the time of said conveyance, and for the appointment of a receiver, and sale of said property to pay such creditors, and for such other and further relief, etc.

The defendant *Hector C. McRae* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the defendant *Alice G. McRae* demurred to it on the same ground, and for the further reason that there was a defect of parties plaintiff in the omission of creditors of H. S. Allen, deceased, other than the plaintiff. From an order overruling said demurrers the defendants appealed.

The cause was submitted for the appellants on the brief of *Jenkins & Jenkins,* and for the respondent on that of

Allen vs. McRae and husband.

*W. H. Stafford* and *H. P. Lane*, attorneys, and *John P. Wall*, of counsel.

For the appellants it was contended, *inter alia*, that the complaint is insufficient. This action can only be brought to reach assets not included in the inventory when it appears from the inventory that the property returned by the administrator is insufficient. The complaint does not show whether there was an inventory returned or not, or whether the property here in question was included in the inventory, if one was filed. The averments of the complaint are very curiously worded, and might be consistent with a statement that there was an inventory returned into court by the administrator with sufficient property to pay all the debts. The statute only gives a creditor the right to maintain the action in certain contingencies, and the equities upon which it rests must be fully pleaded, particularly when, without statutory authority, the right of a creditor to maintain such an action, except under very special circumstances, has been denied. *Bate v. Graham,* 11 N. Y. 237; *German Bank v. Leyser,* 50 Wis. 258. The complaint is also defective in not showing by apt averments that plaintiff's legal remedies are exhausted. It is not contended, of course, that an execution should have been issued in this case; but it should be alleged that the county court had determined that, from the amount of liabilities and from the amount of property returned in the inventory, the estate is insufficient to pay the debts. *Estes v. Wilcox,* 67 N. Y. 264. Following the language of the court in *German Bank v. Leyser,* 50 Wis. 258, "Equitable relief will be denied unless it be made to appear that the debt cannot be realized by the ordinary process of administration in the county court." The return of an execution on some other judgment, not involved in this case, amounts to nothing. *Gilbert v. Stockman,* 81 Wis. 602. And the simple averment of insolvency does not aid. *Adee v. Bilger,* 81 N. Y. 349.

PINNEY, J.   Under the statute of uses and trusts (sec. 2077, R. S.) no use or trust resulted in favor of H. S. Allen in respect to the land purchased and paid for by him, the title to which he had caused to be conveyed to the defendant *Alice G. McRae* by the parties from whom he had purchased it, but the title to the land vested in the defendant *Alice G. McRae*, the grantee.   By sec. 2078, such conveyance is presumptively fraudulent as against the creditors of Allen, and, if the fraudulent intent is not disproved, *a trust* results in favor of such creditors to the extent that may be necessary to satisfy their just demands.   In such case the statute, it is held, imposes upon the legal estate in the hands of the grantee in the conveyance *a pure trust* in favor of existing creditors of the party paying the consideration, which can be enforced in equity.   *Miner v. Lane*, 87 Wis. 348; *Garfield v. Hatmaker*, 15 N. Y. 475; *Wood v. Robinson*, 22 N. Y. 564.   The object of this action is to enforce this statutory trust against the property in question, which the debtor never owned and in which he, by the transaction in question, acquired no interest which he could ever assert.   The trust is to be enforced in favor of his existing creditors "to the extent that may be necessary to satisfy their demands."   The equity which the plaintiff seeks to enforce is the same, in effect, as in the case of *Miner v. Lane*, 87 Wis. 348, where the whole subject was fully considered, and it was shown that a judgment creditor of such debtor could not reach and sell on execution lands thus conveyed, and that an action such as this creates no right to the land, but is a step to enforce a prior existing right; that the equitable rights of all creditors existing at the time of the conveyance "are equal, and each is entitled to his proportionate share of the property so held in trust." The case of *Miner v. Lane, supra*, is clearly decisive of this appeal, and we must hold that the technical questions made as to the mode and form of procedure are not well taken.

1. It is contended that each and all the creditors of Allen

entitled to reach the lands in question to satisfy their debts ought to have been joined by name as plaintiffs, unless it appears that they are so numerous that it would be impracticable to join them; and also that the amount and fact of allowance of each claim should have been averred. We think, however, the action was properly brought in its present form. It is alleged that Allen's estate is insolvent, and further that an execution on a certain judgment against him in the circuit court had been returned unsatisfied for want of property; and it is alleged in the complaint that no funds belonging to his estate have come into the hands of his administrator, and that there is no property out of which plaintiff can collect her claim. The complaint shows, therefore, that there was just reason to apprehend a failure or want of personal assets for the payment of his debts. *German Bank v. Leyser*, 50 Wis. 259. Where such apprehension exists, the statute (sec. 3835, R. S.) permits "any one or more of the judgment creditors, or creditors whose claims against the deceased shall have been allowed by the county court or commissioners appointed by said court, *on behalf of all*, to bring an action in the circuit court to reach and subject to sale any real estate or interest therein, or any other assets, not included in the inventory, which ought to be subjected to such debts," without regard to the question of the numerousness of such creditors or whether those having such common interest are few or many. It is impracticable for a creditor desiring to bring such an action to determine in advance what persons, being creditors of the deceased, were such when the real estate in question was purchased and paid for and conveyed to a third party, so that it became subject to a trust in favor of his existing creditors to the extent that might be necessary to satisfy their demands.

2. By sec. 3836, R. S., the action is denominated a "creditor's action," and it is provided that it "shall not be brought to trial until the sufficiency or the insufficiency of the estate

in the hands of the executor or administrator to pay the debts of the deceased shall be ascertained; if found sufficient, such action shall be dismissed at the cost of the plaintiff; if found insufficient, such action may proceed to trial and judgment, and any property described in the complaint which ought by law to be subjected to the payment of the debts of the deceased, shall be sold under the order of such circuit court; and the proceeds, after paying costs, shall be applied to the payment of such debts in the same manner as other assets." The action, under the statute, is a creditor's action *sui generis*. It is not necessary that the creditor bringing it shall have exhausted his remedy at law by judgment and execution. It is enough if he has established his claim against the estate of the deceased. Nor is it necessary that any inventory shall have been returned, nor that the county court shall authorize or direct the action to be brought; but "just reason to apprehend," on the part of the creditor, an insufficiency of assets, is sufficient. When the action is once brought, it awaits further proceedings to apply any assets already in the hands of the executor or administrator, and to determine whether any insufficiency of assets exists so as to justify a trial of the action; and equitable relief will be denied unless it is made to appear that the debts cannot be realized by the ordinary process of administration in the county court. *German Bank v. Leyser*, 50 Wis. 258. The creditor takes the risk of having his action dismissed with costs if sufficient assets appear, but, if not, he obtains the benefit of a *lis pendens* in the meantime, and has a right to proceed with his action. After the death of Allen it became impossible for the plaintiff to obtain a judgment at law upon which execution could be issued. She established her claim by its allowance in the county court, but no execution could be awarded on it. Under such circumstances, equity would have jurisdiction, in the absence of the statutory provisions cited, to grant relief, especially

where the creditor suing has a *trust* in his favor.  *National T. Bank v. Wetmore*, 124 N. Y. 241;  *Case v. Beauregard*, 101 U. S. 688, 690, 691.

3. The allegations that Allen paid and advanced the entire consideration for the purchase of the lands in question, that he caused the title thereto *to be conveyed* to the defendant *Alice G. McRae* by good and sufficient warranty deed in the usual form, and that she became invested with the legal title thereto, sufficiently show that the deed to *Mrs. McRae* had been delivered. The complaint states a sufficient cause of action against her in respect to what appears to be her separate property.

4. Under the former statute (R. S. 1858, ch. 122, sec. 15) it was necessary to join the husband as defendant with the wife, although the action concerned her separate property (*Oatman v. Goodrich*, 15 Wis. 589); but, under R. S. 1878, sec. 2608, he may be joined as defendant with her or not, at the option of the plaintiff. The complaint presents a case in respect to which such option exists, and the separate demurrer of the husband, *Hector C. McRae*, is not well taken.

It follows from these views that the demurrers were properly overruled.

*By the Court.*— The order of the circuit court is affirmed.

MARSHALL, J., took no part.