BEAM v. UNITED STATES et al.

(Circuit Court, D. Oregon. May 6, 1907.)

No. 3,076.

1. INDIANS—HEIRS.
    Where a child was born out of wedlock to an Indian woman, to whom Indian reservation lands were allotted, and such child survived her, he was her heir at law.

2. SAME—CURTESY—INDIAN LANDS—HUSBAND OF ALLOTTEE.
    Where an Indian woman of mixed blood, to whom Indian reservation lands had been allotted, died, leaving a son born out of wedlock, as her heir at law, and a husband, surviving her, the husband was entitled to an estate by the curtesy in the allotment, and to the rents, issues, and profits thereof.

A. D. Stillman, for plaintiff.
James Cole, Asst. U. S. Atty.
Olmsted & Strayer, for defendant James Holcomb.

WOLVERTON, District Judge. The plaintiff brings this suit to have determined his right to the possession, and to the rents, issues, and profits, of a certain tract of land allotted to Clara Gale upon the Umatilla Indian reservation, under and by virtue of the act of March 3, 1885 (23 Stat. 340), providing for the allotment of lands to the Indians residing upon such reservation. The cause has been put at issue under the pleadings, and, the testimony having been taken, is now submitted upon the merits for final determination. The contested fact in the case is whether Lester Beam, the plaintiff, is the child of Clara Gale, who later, on September 21, 1890, intermarried with James Holcomb, the defendant.

Without attempting to discuss the testimony, it is sufficient to say that, after a careful reading of the same, there is but one conclusion to arrive at, which is that Lester Beam is the son of Clara Gale, born about March 14, 1889, out of wedlock. He was soon adopted by Eliza Beam, who appears as his nearest friend in this controversy, and has been reared by her. Clara Gale was an Indian woman of mixed blood, and the allotment was made to her while single. After her marriage to Holcomb, there was born to them a female child. The mother died January 26, 1894, surviving the child but a few days. Since the death of the wife, Holcomb has been receiving the rents and profits from her allotment.

The question of fact as to whether Beam is the child of Clara Gale having been determined, it follows that he is her heir at law. The further question is then submitted whether the defendant Holcomb is entitled to an estate by the curtesy in the allotment, or to the rents, issues, and profits, by reason of such an estate. The controversy has been determined in the case of Parr v. United States (just decided) 153 Fed. 462. That case is therefore decisive of this one.

I might say, further, that if, in this case, no child had been born to Clara Gale, either prior or subsequent to her marriage with Holcomb, Holcomb would have been the sole heir, under the laws of the state of Oregon (section 5577, B. & C. Comp.), would have inherited the allotment of his wife, and would have been entitled to the final patent at the end of the period prescribed by the first patent, during which the government holds the land in trust. So that here would have been a person of white blood only inheriting allotted lands upon this Indian reservation, and it does not, therefore, seem strange that he should be entitled to a right by the curtesy; his wife having died leaving an heir, as well as himself, surviving her.

The decree will therefore be in accordance with the opinion here rendered.