Argued October 13, decided October 26, rehearing denied December 28, 1909.

## RUNYAN v. WINSTOCK.

[104 Pac. 417; 105 Pac. 895.]

CURTESY—CONSTITUTIONAL PROVISIONS—EFFECT.

1. While the Constitution of Oregon, Article XV, Section 5, providing that the property of married women shall not be subject to the debts and contracts of the husband, changes the common law as to property rights of married women, except as modified by a statute giving a married woman the right to devise her real estate subject to the curtesy estate of the husband, and deprives the husband of the control, rents, and profits of the wife's realty, it does not expressly or impliedly cut off the husband's curtesy estate.

CURTESY—STATUTORY PROVISIONS.

2. Section 5544, B. & C. Comp., prior to its amendment by Laws 1907, p. 152, c. 87, providing that, when any man and his wife shall be seised in her right of any estate of inheritance in lands, the husband shall on the wife's death hold the lands for his life as tenant by the curtesy, though the husband and wife may not have had issue born alive, when considered in connection with Sections 5234, 5244, 5246, 5247, and 5250, giving a married woman the right to devise her property by will to the same extent as the husband, etc., gives to the surviving husband a life estate as tenant by the curtesy in all land of which the deceased wife had been seised of an estate of inheritance at any time during the marriage; the seisin required as incident to the curtesy estate being seisin of the wife.

COURTS—DECISIONS—STARE DECISIS.

3. The decisions that Section 5544, B. & C. Comp., prior to its amendment by Laws 1907, p. 152, c. 87, providing that the husband on the death of the wife shall hold the lands of the wife for his life as tenant by the curtesy gives to the surviving husband a life estate as tenant by the curtesy in all land of which the deceased wife had been seised of an estate of inheritance at any time during the marriage, establish a rule of property, and under the rule of *stare decisis* they will not be overruled.

From Multnomah: JOHN B. CLELAND, Judge.

This is an action in ejectment by Mahlon T. Runyan against Jennie Winstock, William McFarland, Samuel McFarland and George McFarland to recover possession of Lot C, Block 1, Cole's Addition to East Portland, Multnomah County, Oregon. From a judgment in favor of the defendant, plaintiff appeals.          REVERSED.

For appellant there was a brief with an oral argument by *Mr. George S. Shepherd.*

For respondents there was a brief with an oral argument by *Mr. Ralph E. Moody.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action in ejectment, plaintiff alleging that he is the owner of a life estate in Lot C, Block 1, Cole's Addition to East Portland. Defendants for answer deny plaintiff's title, and allege that plaintiff and Sarah J. Runyan were husband and wife, and that, at the time of the marriage Sarah J. Runyan was the owner in fee simple of said lot, and subsequently to the marriage she conveyed the same to defendants, and ever since they have been, and now are, the owners in fee simple and entitled to the possession thereof; that said Sarah J. Runyan died prior to the commencement of this suit. Plaintiff demurred to the further and separate answer of defendants for the reason that it does not constitute a defense. The demurrer was overruled and judgment rendered thereon in favor of defendants.

1. The only issue here is whether plaintiff has a life estate by the curtesy in the lot. Section 5544, B. & C. Comp., which was enacted in the year 1854, provides that, "when any man and his wife shall be seised in her right of any estate of inheritance in lands, the husband shall, on the death of his wife, hold the lands for his life, as tenant thereof by the curtesy, although such husband and wife may not have had issue born alive." This is the common-law curtesy, except that it is not dependent upon issue born alive. The Constitution of the State of Oregon became operative February 14, 1859, and by Article XVIII, Section 7, thereof, it is provided that "all laws in force in the territory of Oregon when this Constitution takes effect, and consistent therewith, shall continue in force until altered or repealed." And Article XV, Section 5, provides that "the property and pecuniary rights of every married woman, at the time of marriage, or afterward acquired by gift, devise or inheritance, shall not be subject to the debts and contracts of the husband." Prior to the adoption of the constitution, the property

rights of married women were governed by the common
law, except that she had a right to devise her real prop-
erty subject to the curtesy estate of her husband. But
this section of the constitution wrought a radical change
in favor of the wife, in that it deprived her husband of
the control, rents and profits of her realty. *Brummet* v.
*Weaver*, 2 Or. 173; *Rugh* v. *Ottenheimer*, 6.Or. 231 (25
Am. Rep. 513) ; *Besser* v. *Joyce*, 9 Or. 310; *Velten* v. *Car-
mack*, 23 Or. 282 (31 Pac. 658: 20 L. R. A. 101). But
it does not in terms or by reasonable inference cut off
the life estate of the husband after the death of the wife.
The above decisions hold that by this constitutional pro-
vision the property remains the separate property of the
wife, the possession is hers, and the rents and profits
thereof are subject to her control and for her use.

2. In 1872 the legislature, by Section 5245, B. & C.
Comp., also exempted from the debts and contracts of her
husband, in addition to the constitutional exemption, all
property acquired by the wife during coverture by her
own labor. In 1878 a law defining the rights of married
women was enacted, Section 1 of which, as amended in
1893, being Section 5244, B. & C. Comp., provides that
"the property and pecuniary rights of every married
woman at the time of her marriage or afterwards
acquired shall not be subject to the debts or contracts
of her husband, and she may manage, sell, convey, or
devise the same by will to the same extent and in the
same manner that her husband can, property belonging
to him." Section 5250, enacted in 1880, provides that
"all laws which impose or recognize civil disabilities upon
a wife which are not imposed, or recognized as existing
as to the husband are hereby repealed * * and for any
unjust usurpation of her property or natural rights she
shall have the same right to appeal in her own name
alone to the courts of law or equity for redress that the
husband has." These statutes authorize the wife to sue

alone for the recovery or protection of her property, and also authorize her to convey and devise the same to the same extent as the husband can property belonging to him. *Velten* v. *Carmack,* 23 Or. 82 (31 Pac. 658: 20 L. R. A. 101). These are the only statutes that affect the interest of the husband in the property of the wife, and from none of them can it be gathered that the legislature intended to abolish the life estate of the husband in the property of the wife. By Section 5244 her power to convey or devise by will is only to the extent that the husband can property belonging to him. He cannot by will or deed defeat the wife's interest in his lands. Therefore she cannot defeat his interest in her lands. By these sections the legislature seems to recognize that the husband still has a contingent interest in her realty, not only by these sections, but Section 5234, B. & C. Comp., being a part of the act of 1878, provides that the interest that either has in the property of the other cannot be the subject of contract between them. And also the act of 1872 (Sections 5246, 5247, B. & C. Comp.) provides that a court may authorize a wife in case of abandonment by her husband to deal with her real property as a *feme sole.* Each of these provisions evidently refers to the life estate of the husband in the property of the wife. Furthermore, the courts of both the state and the United States, as well as the legislature, from the time of the adoption of the constitution have construed both the constitution and these statutes as an enlargement of the wife's property rights, without abolishing the estate by the curtesy, holding that during the life of the wife the husband has no right or estate to the real property of the wife or the rents or profits thereof, but upon her death he has a life estate therein, and that the wife by her sole deed cannot convey a fee-simple title divested of the husband's life estate.

In *Besser* v. *Joyce,* 9 Or. 312, it is stated that a hus-

band has no life estate in the separate lands of his wife during her lifetime, and that he is neither legally nor morally bound to withhold his assent to her alienations of her own separate property in order to preserve for his creditors possible advantage to them that might arise · in the event of his surviving her and becoming tenant by the curtesy. The life estate is also recognized in *Velten* v. *Carmack,* 23 Or. 282 (31 Pac. 658: 20 L. R. A. 101) where it is said:

"Viewing the transfer of this land as a gift within the meaning of the constitution and statute, it became the separate property of the defendant Margaret A. Carmack, which she could convey, subject to her husband's right of curtesy."

It is also recognized in *Gilmore* v. *Burch,* 7 Or. 374 (33 Am. Rep. 710) ; *Jenkins* v. *Hall,* 26 Or. 79 (37 Pac. 62) ; *Grant* v. *Paddock,* 30 Or. 312 (47 Pac. 712) ; *Bloch* v. *Sammons,* 37 Or. 600 (55 Pac. 438: 62 Pac. 290) ; *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605). In *McCrary* v. *Biggers,* 46 Or. 465 (81 Pac. 356: 114 Am. St. Rep. 882) it was adjudged that the husband was the tenant by the curtesy in the separate lands of his deceased wife, which estate could not be waived by parol. In *Potter* v. *Potter,* 43 Or. 149 (72 Pac. 702) a contract between the husband and wife was held void because it provided for the relinquishment by the husband to the wife of his life estate in her lands. To the same effect is *House* v. *Fowle,* 20 Or. 163 (25 Pac. 376). In two cases recently decided by the United States Circuit Court for Oregon, the principal question involved was the right of the husband to curtesy in allotted lands of the deceased Indian wife under the laws of Oregon, and such estate was sustained. *Parr* v. *United States* (C. C.) 153 Fed. 462; *Beam* v. *United States* (C. C.) 153 Fed. 474, the latter case being affirmed by the United States Circuit Court of Appeals (*Beam* v. *United States,* 162 Fed. 260: 89 C. C. A. 240.)

Counsel for defendants cites the rulings of New York, Wisconsin, and Michigan upon these questions. But the statutes under which the rulings in those states were made are not in point. The New York statute provides that the estate of a female "shall not be subject to the disposal of her future husband, nor be liable for his debts and shall continue her sole and separate property as if she were a single female." Another section provides that a married woman shall hold her realty to her sole and separate use and may convey and devise the same, and the rents, issues, and profits thereof, in the same manner and with like effect as if unmarried. The intention of this language to abolish estates by curtesy is plain. *Billings* v. *Baker,* 28 Barb. 343. The Wisconsin statute provides that the wife shall own her separate property and the rents and profits thereof, free from control or disposal by her husband, and for her separate use; and it may be conveyed and devised by her in the same manner and with like effect as if she were unmarried. But under this statute it is held that the husband has curtesy in the lands of which she may die seised. *Oatman* v. *Goodrich,* 15 Wis. 589. In Michigan the Constitution of 1851 and the statute of 1855 give the wife full control of her property with power to sell, transfer and devise the same in the same manner and like effect as if unmarried. Section 3292, Comp. Laws 1857; *Tong* v. *Marvin,* 15 Mich. 60. These statutes are much broader than either the constitution or statutes of Oregon, and were properly held to abolish the life estate of the husband in the realty of the wife.

3. Counsel for defendants gives significance to the fact that it is when the man and wife shall be seised of property in the right of the wife that the estate is possible, and that by the terms of the constitution he cannot be seised of his wife's lands during her life. Evidently the purpose and effect of this statute was to adopt the com-

mon-law estate by the curtesy, eliminating the necessity of the birth of a child; and, if we are to interpret the seisin referred to as possession by the husband of a freehold estate during the life of the wife, and a condition precedent to an estate by the curtesy, then, unless it is modified by the constitution and statute, such estate might well be deemed abolished, because, under our present laws, during the life of the wife the husband is not seised of her lands. But such seisin was not a common-law requisite of the curtesy estate. The husband's seisin of his wife's lands before issue born was a seisin of the freehold estate *jure uxoris,* independent of the prospective curtesy estate, which only became initiate by the birth of a child. The seisin required as incident to the curtesy estate was seisin of the wife. In Oregon, prior to the adoption of the constitution, the seisin of the husband in lands of his wife from the date of the marriage or from the time the property was acquired existed without reference to the curtesy estate. In any event, the fact that our, constitution and statutes have deprived the husband of seisin in the wife's lands without expressly abolishing the curtesy estate, but actually recognizing its existence, has been accepted by the legislature and the courts as a modification of the requirements necessary to the creation of the life estate, and that seisin of the husband during the life of the wife is not now a condition incident thereto. However, even though we might be inclined, at this time, to hold a different view, as to the effect of the clause in Section 5544 concerning the seisin of the husband, we must accept it as *stare decisis.* It is held in *Paulson* v. *City of Portland,* 16 Or. 450, 454 (19 Pac. 450: 1 L. R. A. 673) that where a question has been decided by the court and relied upon as a settled rule of law, upon which important affairs have been transacted, that it should be held to be *stare decisis.* Although the particular question raised here was not

presented in former cases, yet the estate by the curtesy has been adjudged to exist in several cases, and has been recognized continuously without question since the adoption of the constitution by the people and the bar, as well as by the courts. No doubt many titles now rest upon this recognized condition of the law, and to hold otherwise might, in consequence of the lapse of time, bar heirs of their inheritance, and otherwise unsettle titles. And, as by the legislative act of 1907 (Laws of 1907, p. 152, c. 87) Section 5544 has been so amended that a new and different interest is given the husband in the realty of his wife in lieu of curtesy, and has thus removed the difficulty for the future, we more readily conclude that this rule of property should not be disturbed, and that, therefore, as the law stood prior to May 24, 1907, the wife having been seised of an estate of inheritance in lands at any time during the marriage, her husband shall, on her death, hold the lands during his life as tenant by the curtesy.

The demurrer, therefore, should have been sustained. This results in the reversal of the judgment, and the cause will be remanded to the lower court for such further proceedings as may be proper.    REVERSED.

---

[Decided December 28, 1909.]

### ON PETITION FOR REHEARING.

[105 Pac. 895.]

The motion for a rehearing is but a reargument of the questions discussed in the opinion and is based largely upon the language of the statutes and decisions cited therein, to the effect that the wife may convey her separate property by her sole deed; counsel for defendant contending that that is equivalent to saying that she may dispose of her separate estate as if she were a *feme sole*. The husband may convey his separate property by his

sole deed; but that does not, cut off the wife's dower, and the power of disposal as a necessary incident of ownership only means the power to dispose of the interest owned. Sections 5246 and 5247, B. & C. Comp., are not superseded nor repealed by the legislative act of 1878 for the reason that these sections authorize a greater power in the wife than to convey by her sole deed, but authorize her to deal with her separate property in the same manner as if she were a *feme sole*. In other words her sole deed, when authorized by the terms of these sections, will convey the fee-simple title, free from the curtesy estate of the husband, and, if the constitution or the act of 1878 contained such a provision, then the curtesy estate would be abolished, and this is the distinction made in the statutes of New York, Michigan, Wisconsin, and Arkansas. The constitutional provision referred to and the statute of 1878 operate to dispense with the necessity of seisin of the wife's lands by the husband in the right of the wife as incident to the curtesy estate, which was necessary by Section 5544, B. & C. Comp., prior to the adoption of the constitution. However, as stated in the opinion, the existence of the estate by the curtesy is *stare decisis*, regardless of our present views upon the question.

Every question discussed in the motion was passed upon in the opinion, to which we adhere.

The motion is denied.

REVERSED: REHEARING DENIED.