Argued November 12, decided November 20, 1913.

## HABERLY v. TREADGOLD.

(136 Pac. 334.)

**Adverse Possession—What Constitutes—Contract of Purchase.**

1. Possession under a pretended contract of purchase is not adverse.

**Dedication—Property Dedicated—Sale.**

2. Property dedicated to the public for a street may be vacated but cannot be sold by the board of trustees and recorder of the town to which it has been dedicated.

**Descent and Distribution—Transfers by Heirs—Authority—Extent.**

3. Where title to land in controversy was in certain heirs, some of whom were minors, authority given by the oldest heir alone, who was of age, to an agent to sell the property could affect only his own interest and did not bind the other heirs.

**Executors and Administrators — Real Property — Possession — Right Against Tenant by Curtesy.**

4. An administrator of the estate of a wife was not entitled to possession of real property in which the surviving husband had a curtesy interest until his right of possession had been determined in a proceeding to which he was a party.

From Coos: John S. Coke, Judge.

This is a suit by Adolph Haberly against G. T. Treadgold, administrator of the estate of Emma N. Jones, deceased, Angus R. McLean, Margaret McLean and Grace McLean, nieces, nephews and heirs at law of said Emma N. Jones, deceased, also children and heirs at law of Eneas McLean, deceased, respondents, and G. W. Jones, husband of said Emma N. Jones, deceased, Margaret Hanley and Annie Woodward sisters and heirs at law of said Emma N. Jones, deceased, and all in relation, heirs and lineal descendants in any way interested, known or unknown of said Emma N. Jones, deceased, defendants, to quiet title. From a decree in favor of the defendants, the plaintiff appeals.        REVERSED: SUIT DISMISSED.

For appellant there was a brief and an oral argu-' ment by *Mr. George P. Topping.*

For respondents there was a brief and an oral argument by *Mr. G. T. Treadgold.*

Department 2.   MR. JUSTICE EAKIN delivered the opinion of the court.

1. The complaint indicates that the plaintiff is relying on a title to the property by adverse possession; but, as his possession is under a pretended contract of purchase, it is not adverse.   He has also given evidence that, in platting into town lots the ground on which the lots are situated, the instrument of dedication attached to the plat declares: "And we do dedicate the said land so platted to the public"—evidently a gross error; but plaintiff has had the president of the board of trustees and the recorder of the town execute to him a bargain and sale deed to the lots, as authorized by ordinance, although this is beyond their authority.

2. Property dedicated to the public is not subject to sale and transfer at the whim of the board.   A street may be vacated under certain circumstances but not sold by the city; and there is nothing in the record to show that the deed attempted to be authorized by the city was within its power or authority or by what authority they conveyed it to plaintiff and not to the owner.   So far as shown here the deed is void.   Evidently it was an attempt by a short method to circumvent the owner.   If the dedication in the plat was an error, as stated in the deed, it should have been vacated either by a court proceeding for that purpose or by the board under authorized proceedings, and thus the property would revert to the true owner: Plaintiff has shown no title to the lots claimed, but by the reply attempted to state facts entitling him to

a decree of specific performance of a contract of sale, made with Barrow, claiming to be the agent of the McLean heirs, three of whom are minors.

3. Authority was given to the agent by the oldest heir alone, who was of age, but such authorization could affect only his own interest and would not bind the other heirs. It further appears that the legal title to the property was in Emma N. Jones at the time of her death in 1894, and it is alleged that the McLean heirs referred to are also Mrs. Jones' heirs. It also appears by the evidence that G. W. Jones was the husband of Mrs. Jones at the time of her death; that he is still alive and has a curtesy estate in the property; and that Mrs. Jones left one or two sisters surviving her, who were also her heirs. There is in the record no showing as to who are the heirs of Mrs. Jones, nor is any issue tendered in regard thereto; but it is assumed that the McLean heirs are the only heirs without even showing who they are. Neither does the record show any connection of G. W. Jones, Grace McLean, Alex McLean, or Frank McLean with the subject of the litigation or liability in this suit, or that the plaintiff is entitled to any relief against them even upon the allegations of the reply. The same is true as to Margaret Hanley and Annie Woodward, whose interest in the property is not made to appear. Therefore, without deciding whether the new matter in the reply is a departure, plaintiff is entitled to no relief under it, and the suit should be dismissed.

4. The decree of the Circuit Court adjudging that Treadgold, as administrator of the estate of Emma N. Jones, is entitled to possession of the property is erroneous as against the tenant by the curtesy. The right to the possession against him cannot be adjudicated until he has had his day in court upon an issue tendered by the administrator against him. *Quaere,*

whether the estate of the tenant by the curtesy is subject to the debts of the wife and therefore subject to possession by the representative of the estate: See note to 12 Cyc. 1013; note to 24 Ann. Cas. 575; *Johnson* v. *Savage,* 50 Or. 294 (91 Pac. 1082); *Runyon* v. *Winstock,* 55 Or. 202 (104 Pac. 417, 105 Pac. 895). This is a question not raised in the lower court and therefore not before us for decision.

The decree is reversed and the suit is dismissed.

REVERSED: SUIT DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.